

APR 29 2004

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
(SOUTHERN DIVISION)

| | |
|---|---|
| CHAD A. NOVAK,<br><br>  Plaintiff,<br>v.<br><br>SIOUX VALLEY HEALTH PLAN,<br><br>  Defendant. | Case No. 04-4056<br><br>COMPLAINT |

Comes now Plaintiff Chad A. Novak and for his Complaint against Defendant Sioux Valley Health Plan states and alleges as follows:

1.

This action arises under the Employee Retirement Income Security Act of 1974, 29 USC § 1001 *et. seq.* ("ERISA")

2.

Plaintiff is an individual resident of the State of South Dakota.

3.

Defendant ("the Plan") is an employee welfare benefit plan governed by ERISA.

4.

This complaint is brought to recover benefits due to Plaintiff under the terms of the Plan, to enforce his rights under the terms of the Plan and to clarify his rights to future benefits under the terms of the Plan.

5.

The Court has jurisdiction over the subject matter of this action pursuant to 28 USC § 1331 and 29 USC § 1132.

6.

Prior to September 27, 2003 Plaintiff was an employee for Showplace Wood Products. At all times pertinent, Showplace maintained group health insurance through the Plan and Plaintiff participated in the Plan while employed with Showplace.

7.

On or about September 27, 2003 Plaintiff's employment relationship with Showplace Wood Products ended.

8.

On or about October 24, 2003 Defendant notified Plaintiff as required by the federal COBRA provisions of ERISA regarding Plaintiff's right to continue participation in the group healthcare plan after cessation of Plaintiff's employment.

9.

Plaintiff completed the "Continuation of Coverage COBRA" form supplied by the Defendant on October 24, 2003 and returned that document to Defendant on or about October 25, 2003.

10.

While Plaintiff was able to make an initial election as to continued coverage, the information supplied by Defendant did not adequately provide understandable and clear information as to the amount of premium due in order to maintain coverage nor did the information expressly provide clear and understandable information as to when premium was due.

11.

As a result of Defendant's failure to provide a well-articulated statement of Plaintiff's rights and obligations as required by 29 USC § 1166, Defendant violated federal law and Plaintiff was effectively incapable of electing to continue healthcare coverage.

12.

Plaintiff, in fact, contacted the Defendant requesting more precise information regarding his COBRA rights and obligations, but such detailed information was never supplied.

13.

On November 20, 2003 Defendant claims to have sent an invoice detailing the amount of payment due in response to Plaintiff's COBRA election. However, the Plaintiff did not receive this document.

14.

Additionally, the document that was allegedly sent on November 20, 2003 expressly stated that a premium payment was required by December 1, 2003 even though 29 USC§ 1163(3)(B) requires that "in no event may the plan require the payment of premium before the day which is 45 days after the day on which the qualified beneficiary made the initial election."

15.

As such, Plaintiff was not given the required 45 days in which to make his initial payment.

16.

Under federal law, Defendant as plan administrator maintains the burden of proof to show that its notification sufficiently complied with COBRA.

17.

On January 2, 2004 Defendant retroactively canceled Plaintiff's COBRA coverage to October 1, 2003 even though 29 USC § 1162(2)(C) requires the beneficiary be given an additional 30 days beyond the 45 days following an election in which to make a premium payment. Therefore, under federal law Defendant should have given Plaintiff several additional days to make a premium payment prior to retroactively canceling his coverage under the plan.

18.

Plaintiff has raised these issues with the Defendant and has further exhausted his appeals within the Plan regarding this coverage dispute.

19.

Despite Plaintiff's protestations, to date, Defendant has refused to acknowledge its failures to comply with federal law and re-instate Plaintiff's COBRA coverage.

20.

During the timeframe in which Plaintiff's COBRA coverage was retroactively cancelled, Plaintiff had to submit to a spinal fusion surgery as a result of a fractured spine. The surgery and necessarily related treatments caused Plaintiff to incur several thousand dollars in medical bills that should have otherwise been covered under the plan.

21.

Due to Defendant's failure to comply with the COBRA provisions of ERISA Plaintiff is entitled to re-instatement of his healthcare coverage, reasonable attorney's fees in bringing this action and to further penalize the Defendant up to the daily statutory penalty rate for each day Defendant has failed to comply with the law.

***Wherefore***, Plaintiff respectfully requests this Court enter judgment against Defendant as follows:

 a. That an Order be entered in favor of the Plaintiff reinstating COBRA coverage according to the terms and conditions that were to initially be given to him;

 b. That Plaintiff be awarded costs and disbursements incurred herein as a result of Defendant's conduct, including reasonable attorney's fees and a statutorily contemplated penalty for Defendant's noncompliance;

 c. For such other, further and additional relief as the Court deems fair and equitable under the circumstances.

Dated this 24th day of April, 2004, at Sioux Falls, South Dakota.

        CADWELL SANFORD DEIBERT
        & GARRY, LLP

      By: _____
        Shawn M. Nichols
        200 E. 10th Street, Suite 200
        Sioux Falls, SD 57105
        Telephone: (605) 336-0828
        Telecopier: (605) 336-0636
        Attorneys for the Plaintiff